```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
QUEEN E. HAMLETT,                   :
                                    :
          Plaintiff,                :
                                    :
     -against-                      :
                                    :
THE TOWN OF GREENBURGH, CHIEF       :   DECISION AND ORDER
JOHN A. KAPICA, CAPTAIN JOSEPH      :   05 Civ. 3215 (MDF)
DECARLO, POLICE OFFICER DANNY       :
MASSETT, Shield No. 217,            :
DETECTIVE PAUL FERTIG, Shield       :
No. 101, and MICHAEL MALFETANO,     :
                                    :
          Defendants.               :
                                    :
------------------------------------X
```

MARK D. FOX, United States Magistrate Judge

    Plaintiff Queen Hamlett brought this action, pursuant to 42 U.S.C. § 1983 and New York state law, seeking to recover damages for injuries allegedly sustained during an encounter with police officers for the Town of Greenburgh (the "Town"). Plaintiff asserted claims of false arrest and excessive force under § 1983 and pendent claims of negligence; assault; battery; false arrest; and negligent hiring, screening, retention, supervision and training under New York State law. She also asserted a claim against the Town pursuant to *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978), and a conspiracy claim. The matter is before me on consent of all parties, pursuant to 28 U.S.C. § 636(c).

    In October 2006, the parties consented to the dismissal of Plaintiff's claims against defendants Fertig, Kapica, DeCarlo,

1

and Malfetano.  The remaining defendants, the Town and Police Officer Massett (the "Defendants"), have moved for summary judgment on all of Plaintiff's claims.  On December 19, 2006, this Court rendered an oral decision on the record, denying the Defendants' motion as to Plaintiff's § 1983 false arrest claim and her state law assault and false arrest claims against Massett and granting the motion as to all of the remaining claims.  Upon consent of counsel for all parties, the Court's oral decision is withdrawn, and this decision is substituted.

## BACKGROUND

On April 17, 2004, Plaintiff was shopping in the Dress Barn store located on Route 119 in the Town.  While Plaintiff was in the store, the store manager called the Town police to report that a group of women was shoplifting in the store.  The Town police department sent two plain-clothed police officers, in separate vehicles, to the scene, one of whom was defendant Massett.

Massett took up surveillance.  The store manager had continuing telephone conversations with the Town's police dispatcher, who relayed information to the officers by radio.  At 6:16 p.m., the manager advised the police dispatcher that only one of the suspected shoplifters was in the store and was about to leave and gave a physical description of Plaintiff.

According to the officers, upon leaving the store and while crossing the parking lot, Plaintiff crossed back and forth,

apparently looking for a vehicle and examining various cars.  The officers on surveillance thought her conduct was suspicious, as if looking for accomplices.  Plaintiff denied such conduct and claims she walked directly across the parking lot and Route 119 to wait at the bus stop.

According to defendant Massett, while Plaintiff was waiting at the bus stop, he observed a bus approaching and became concerned that Plaintiff would board it and leave the scene.  He then approached Plaintiff in order to question her.  Massett confirms that he was in surveillance clothes and asserts that, upon approaching Plaintiff, he identified himself as a police officer.  Plaintiff denies that Massett identified himself as a police officer and maintains that she was frightened.  Plaintiff backed away from Massett and did not cooperate with him.  She also began to scream and wave her arms.

Within a very brief period of time, apparently less than one minute, Police Officer Malfetano, in uniform, arrived at the scene.  Plaintiff continued to resist and was subsequently arrested for disorderly conduct.

After the arrest, it was determined that Plaintiff had not been shoplifting.  She had various merchandise in her possession that had come from the Dress Barn, but, apparently, had paid for it.  The only charge lodged against her was disorderly conduct.

On June 8, 2004, Plaintiff was acquitted on the disorderly conduct charge after a bench trial in Greenburgh Town Court, on

the basis that she lacked the requisite intent to commit the offense.  The trial judge concluded that Plaintiff had been frightened when approached by someone who she believed was not a police officer.

## ANALYSIS

I. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id*. at 248.  In order for there to be a genuine issue for trial, there must be sufficient evidence in the record to support a jury verdict in the non-moving party's favor.  *See id*. at 249.  When making a summary judgment determination, "the court must view the evidence in the record in the light most

favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

In opposing a motion for summary judgment, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere conclusory allegations and denials are insufficient to create a genuine issue of fact; rather, the opposing party must set forth "concrete particulars" showing that a trial is necessary. *BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)(internal quotations omitted).

**II.  Plaintiff's § 1983 Claims**

    **A.  Excessive Force**

Plaintiff asserts in her complaint that the officers used excessive force in order to arrest her. She claims that she suffered brief numbness as a result of the handcuffs being too tight and that both officers held her arms behind her back, even though only one officer needed to restrain her. Plaintiff was not punched or kicked by the officers.

"The use of force is objectively excessive and in violation of the Fourth Amendment, if it is clear to a reasonable police officer that such conduct is unlawful in a given situation (with

due recognition of the fact that police officers often face split-second decisions)." *Wilder v. Vill. of Amityville*, 288 F.Supp.2d 341, 344 (E.D.N.Y. 2003)(citing *Stephenson v. Doe*, 332 F.3d 68, 77-78 (2d Cir. 2003)).  The single allegation of excessive force in *Wilder* was the tight handcuffing by a defendant police officer, allegedly resulting in the swelling Plaintiff's wrists for a period of 24 hours.  *See id*.  The court held that "Plaintiff's allegation of sore, yet uninjured, wrists simply does not rise to the level of objective excess that reasonable police officers would consider to be unlawful conduct in an arrest situation."  *Id*.  Similarly, here, Plaintiff's allegations of brief numbess from the handcuffs and having her arms held behind her back do not rise to the level of force required to sustain an excessive force claim.  Accordingly, the Defendants' motion is granted as to this claim.

    B.    **Plaintiff's *Monell* Claim against the Town**

In order to hold a municipality liable under § 1983 for unconstitutional acts of its employee, a plaintiff must show that the violation of his constitutional rights resulted from a municipal policy or custom.  *See Monell*, 436 U.S. at 694.  A plaintiff may satisfy the policy or custom requirement by alleging the existence of: (1) an official policy of the municipality; (2) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (3) "a practice so

consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials"; or (4) a failure by the municipal policymakers to supervise employees to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with these employees. *McEnery v. City of New York*, No. 03 Civ. 6307, 2006 WL 2224566, at *10 (S.D.N.Y. Aug. 3, 2006).

Plaintiff has failed to demonstrate or set forth any evidence of a municipal practice or policy or of a failure to train, which amounts to a deliberate indifference to the rights of those who may come in contact with municipal employees. Indeed, Plaintiff, at oral argument and in her papers, conceded that there is no basis in the record to support her *Monell* claim. Accordingly, the Defendant' motion as to this claim is granted.

    C.   <u>**Conspiracy**</u>

"[I]n order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations." *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; '[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" *Id*. at 100 (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (1977).

Plaintiff's claim of conspiracy is based only upon conclusory allegations, without any facts or testimony to support the claim. Summary judgment is, therefore, granted to the Defendants on this claim.

D.  **Qualified Immunity and False Arrest**

Plaintiff asserts that her arrest for disorderly conduct violated her Fourth Amendment right to be free from false arrest. Although the Greenburgh Town Court found that Plaintiff's conduct did not cause public annoyance and alarm, defendant Massett asserts that he is entitled to qualified immunity on this claim.

The doctrine of qualified immunity is designed to shield state officials from liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). It provides not a defense but, rather, an entitlement not to stand trial or face the other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In *Williams v. City of Mount Vernon*, this Court recognized three ways in which qualified immunity may be established: "(1) if defendant's acts did not violate a clearly established constitutional right; (2) if it remains unclear as to whether an exception permitted such acts; and (3) if, even though the law was clearly established, it was objectively reasonable for [the defendant] to believe that his acts did not violate those rights." 428 F.Supp.2d 146, 154 (S.D.N.Y. 2006)(internal

8

quotation marks and citations omitted). It is well-settled that an arrest of an individual without probable cause violates that individual's rights under the Fourth Amendment. *See id*. "It is also settled law that an arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met." *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006)(internal quotation marks and citations omitted and emphasis and alterations in original). While the question of qualified immunity is normally one for the court, if there are disputed issues of fact that must be resolved before the question can be answered, jury consideration is required. *See Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir. 1994).

Here, the issue underlying the false arrest claim is whether Massett had probable cause to arrest Plaintiff for disorderly conduct, not, as the Defendants have suggested, whether probable cause existed to arrest Plaintiff for shoplifting. The issue underlying Massett's claim of qualified immunity is whether "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law." *Williams*, 428 F.Supp.2d at 155. At this stage of the case, the Court is unable to resolve this inquiry due to the existence of a disputed fact, namely, whether

Massett identified himself as a police officer in the course of the investigatory stop.  Plaintiff maintains that Massett never informed her that he was a police officer and that she acted in the manner described by the Defendants because she believed she was being threatened and feared for her safety.  On the other hand, Massett stated in his deposition that, as soon as he approached Plaintiff, he told her that he was a police officer.  This disputed fact is material to the issue of whether Massett acted reasonably in believing that he had probable cause to arrest Plaintiff for disorderly conduct based on her reaction to the confrontation.  If, in fact, Massett failed to identify himself to Plaintiff as a police officer, a jury could reasonably conclude that it would not have been objectively reasonable for Massett to believe that he had probable cause for an arrest.  Accordingly, this Court cannot find that Massett is entitled to qualified immunity on Plaintiff's false arrest claim.

### III. **State Law Claims**

Plaintiff's claims of negligence against defendant Massett and negligent hiring and supervision against the Town are unsupported by any facts, testimony, or proof and must be dismissed.  With respect to the claims of false arrest, assault, and battery, however, a trial is required to resolve the

underlying factual issue of whether defendant Massett identified himself as a police officer upon confronting Plaintiff. Defendants' motion is, therefore, denied as to these claims.

## CONCLUSION

Upon consent of the parties, the Court's December 19, 2006 oral decision is hereby WITHDRAWN. For the reasons stated herein, the Defendants' summary judgment motion is GRANTED as to the following claims: (1) excessive force; (2) conspiracy; (3) negligence; (4) negligent hiring, screening, retention, supervision and training; and (5) Plaintiff's *Monell* claim against the Town. The motion is DENIED as to Plaintiff's § 1983 false arrest claim and her state law claims of false arrest, assault, and battery.

SO ORDERED.

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

White Plains, New York
Date: January 16, 2007

Copies of this order have been sent to the following:

Robert A. Soloway, Esq.
Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette Street
New York, New York  10013


Richard Marasse, Esq.
Deputy Town Attorney
177 Hillside Avenue
Greenburgh, New York 10607